IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CAS SANDRA YOUNG-TANNER, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:11-CV-1072-P |
| | ) | |
| GRIZZLY SELF STORAGE, ET AL., | ) | |
|     Defendants. | ) | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

**FINDINGS AND CONCLUSIONS:**

On May 2, 2011, Plaintiff filed this complaint. She failed to either pay the filing fee or file a proper request to proceed *in forma pauperis*. On June 1, 2011, the Court sent Plaintiff an order and notice of deficiency. The Court ordered Plaintiff to cure the deficiency within thirty days, or the Court would recommend dismissal of Plaintiff's complaint. More than thirty days have passed and Plaintiff has failed to cure the deficiency.

**Discussion:** Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott,* 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th

Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626, 82 S.Ct. 1386 (1962)). Plaintiff has failed to comply with the Court's Order. Accordingly, her complaint should be dismissed for want of prosecution.

**RECOMMENDATION:**

The Court recommends that the complaint be dismissed without prejudice for want of prosecution, pursuant to Fed. R. Civ. P. 41(b).

Signed this 1st day of August, 2011.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).